986 F.2d 1415
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: ROBERTSON ELECTRIC COMPANY, INCORPORATED, Debtor.
John A. Fitch, Defendant-Appellant,
v.
ROBERTSON ELECTRIC COMPANY, INCORPORATED, Plaintiff-Appellee.
In Re: Robertson Electric Company, Incorporated, Debtor.
John A. Fitch, Defendant-Appellee,
v.
Robertson Electric Company, Incorporated, Plaintiff-Appellant.
 Nos. 92-1536, 92-1537.
 United States Court of Appeals,
Fourth Circuit.
 Argued: February 1, 1993
Decided: March 2, 1993
 
 Appeals from the United States District Court for the Western District of Virginia, at Charlottesville. James H. Michael, Jr., District Judge. (CA-91-54-C, BK-90-00202A)
 Robert Frazier Solsberry, TUCKER & ASSOCIATES, Charlottesville, Virginia, for Appellant.
 Robert W. Jackson, MICHIE, HAMLETT, LOWRY, RASMUSSEN & TWEEL, P.C., Charlottesville, Virginia, for Appellee.
 Patricia M. Brady, TUCKER & ASSOCIATES, Charlottesville, Virginia, for Appellant.
 Leroy R. Hamlett, Jr., MICHIE, HAMLETT, LOWRY, RASMUSSEN & TWEEL, P.C., Charlottesville, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, and WILKINS and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 John A. Fitch appeals from an order of the district court affirming a decision of the United States Bankruptcy Court for the Western District of Virginia which held Fitch liable to his former employer, Robertson Electric Company (REC), for conversion of corporate assets. REC cross-appeals the district court's denial of its claim for punitive damages.
 
 
 2
 The central question presented in this case is whether REC ratified unauthorized bonus payments totalling $30,000 that Fitch caused to be paid to himself in 1990. The district court determined that REC's bookkeeper, Emily Pace, had actual knowledge of the bonus payments, but that Fitch had misinformed her that the payments had been authorized by REC's president and sole shareholder, William Robertson. In fact, William Robertson, the only REC officer who had the power to ratify the unauthorized payments, was never told of the payments by either Fitch or Pace, and did not learn of their existence until after the last installment had been paid, at which point he fired Fitch.
 
 
 3
 Noting that under Virginia law, ratification can occur only where the principal has full knowledge of the material facts concerning the transaction in question, see White v. American Nat'l Life Ins. Co., 115 Va. 305, 78 S.E. 582 (1913), the district court held that Robertson, the only person possessing authority to act on behalf of REC in this matter, lacked knowledge of the material facts surrounding the bonus payments, and therefore, REC could not have ratified them. Although the court thus rejected Fitch's defense to REC's conversion action, it declined to disturb the bankruptcy court's finding that an award of punitive damages to REC would be inappropriate.
 
 
 4
 We have read the briefs, heard oral argument, and given thorough consideration to the parties' contentions. Finding no error in the opinion of the court below, Fitch v. Robertson Elec. Co., No. 91-54-C (W.D. Va. Apr. 3, 1992), we affirm on the reasoning of the district court.
 
 AFFIRMED